UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Jason Atherton,

      Plaintiff,

      v.                                Case No. 2:14-cv-14-wks-jmc

Orleans County Sheriff's Department,
Marketplace Insurance, Deputy Kyle Ingalls,
Deputy Cory Bingham,

      Defendants.

## REPORT AND RECOMMENDATION
(Docs. 24, 26, 30)

      Plaintiff Jason Atherton, proceeding *pro se*, brings this action against Defendants Orleans County Sheriff's Department ("the Sheriff's Department"), Marketplace Insurance, Deputy Kyle Ingalls ("Deputy Ingalls"), and Deputy Cory Bingham ("Deputy Bingham") alleging that he was injured as the result of a fall sustained during a transport from a criminal pretrial hearing, caused by Defendants' negligence. (Doc. 4.) Now pending before the Court are the Sheriff's Department's Motion to Dismiss the Amended Complaint (Doc. 24), Deputy Ingalls and Deputy Bingham's Motion to Dismiss the Amended Complaint (Doc. 30), and Mr. Atherton's Motion for Appointment of Counsel. (Doc. 26).

      For the reasons set forth below, I recommend that the Sheriff's Department's Motion to Dismiss the Amended Complaint (Doc. 24) and Deputy Ingalls and Deputy

Bingham's Motion to Dismiss the Amended Complaint (Doc. 30) be GRANTED, and the case be DISMISSED WITHOUT PREJUDICE.  I further recommend that Mr. Atherton's Motion for Appointment of Counsel (Doc. 26) be DENIED AS MOOT.

## **Factual Background**

In his Amended Complaint, Mr. Atherton alleges that on October 30, 2012, Orleans County Deputy Sheriffs Ingalls and Bingham transported him to the Orleans County Courthouse for a criminal hearing.  (Doc. 23.)  After the hearing, Deputy Ingalls and Deputy Bingham allegedly escorted Mr. Atherton down a staircase, with one deputy walking in front of him and the other "a couple steps behind" him.  (*Id*. at 1.)  Mr. Atherton alleges that he was "shackled" with handcuffs and ankle cuffs and a "[b]eltchain" around his waist, when "[o]ne of the Ankle Cuffs caught around [his] right foot" causing him to fall down the flight of stairs.  (*Id.*)  He alleges that he injured his lower back and right knee as a result of the fall and was transported to the hospital for treatment.  (*Id*. at 1–2.)  Mr. Atherton alleges that he cannot receive the care he needs for these injuries from the Department of Corrections.  (*Id*. at 2.)  He alleges that as a proximate result of Deputy Ingalls and Deputy Bingham's acts or omissions, he has experienced pain and suffered and "a permanent disability."  (*Id.*)

The Amended Complaint further alleges that "the Orleans County Sheriffs were [n]egligent" and were "obl[i]gated under Vermont [s]tatutes to have the inmate[']s safety in mind during transport."  (*Id.*)  Deputy Ingalls and Deputy Bingham allegedly "failed in their duties to protect [him] from harm" when they did not follow a transport protocol requiring them to hold onto inmates being escorted down stairs.  (*Id.*)  Mr. Atherton seeks

monetary damages. (*Id.*) The Amended Complaint names "Marketplace Insurance" in the case caption as a defendant, but no factual averments are set forth in the Amended Complaint with respect to Marketplace Insurance.

## Procedural History

Mr. Atherton filed his Amended Complaint on May 6, 2014.[1] (Doc. 23.) On May 13, 2014, the Sheriff's Department filed a Motion to Dismiss the Amended Complaint (Doc. 24) for lack of subject-matter jurisdiction and failure to state a claim, renewing the arguments set forth in its initial Motion to Dismiss (Doc. 8), and further arguing that the parties lack the diversity of citizenship necessary to satisfy the requirements of 28 U.S.C. § 1332. (Doc. 24 at 1.) Deputy Ingalls and Deputy Bingham also move to dismiss the Amended Complaint on the same grounds as those advanced by the Sheriff's Department. (Doc. 30.)

Although Mr. Atherton did not respond to the Sheriff's Department's pending Motion to Dismiss, I have considered the arguments presented in Mr. Atherton's opposition to the Motion to Dismiss the original Complaint, filed on April 30, 2014, as it pertains to both Motions. (Doc. 19.) On May 29, 2014, Mr. Atherton filed a Motion for Appointment of Counsel, asserting a lack of familiarity with the law and limited access to the law library, as well as his unsuccessful attempts to seek legal representation. (Doc. 26.)

---

[1] The Court denied the Sheriff's Department's initial Motion to Dismiss without prejudice after the Court granted Mr. Atherton leave to file an Amended Complaint in response. (Doc. 32.)

## Discussion

**I.     Motions to Dismiss the Amended Complaint**

The Sheriff's Department, joined by Deputies Ingalls and Bingham, argue that this Court lacks subject-matter jurisdiction in this negligence action, because: (1) the parties in the matter are all citizens of the State of Vermont and diversity of citizenship is lacking, as required by 28 U.S.C. § 1332; and (2) the Amended Complaint does not state a federal question, as required by 28 U.S.C. § 1331.  (Doc. 24 at 1, 4.)  Alternately, the Sheriff's Department argues that assuming *arguendo* Mr. Atherton's claims are construed as claims brought pursuant to 42 U.S.C. § 1983, the Amended Complaint fails to state a claim on which relief can be granted.[2]

**A.     Standard of Review**

The pending Motions to Dismiss for lack of subject-matter jurisdiction are brought pursuant to Fed. R. Civ. P. 12(b)(1).  A complaint is properly dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  The "plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence."  *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002)).  In reviewing a Rule 12(b)(1) motion, the Court "must accept as true all material factual

---

[2] Marketplace Insurance has not filed a motion to dismiss, but the Court nevertheless has a duty to consider whether it has jurisdiction.  *See Republic of Philippines v. Marcos*, 806 F.2d 344, 352 (2d Cir. 1986) ("[A] federal court has a duty on its own motion to consider whether there is properly federal jurisdiction in the case before it.").  As noted above, the Amended Complaint is devoid of any factual allegations with respect to the conduct of Marketplace Insurance.  My conclusions below apply equally to Marketplace Insurance.

4

allegations in the complaint, but [it is] not to draw inferences from the complaint favorable to plaintiff[]." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004).

Alternatively, the Sheriff's Department and Deputies Ingalls and Bingham bring their Motions pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted.  Federal Rule of Civil Procedure 8(a) requires the plaintiff to provide "a short plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  On a motion to dismiss pursuant to Rule 12(b)(6), the court reviews the face of the plaintiff's complaint and accepts all factual allegations as true and draws all reasonable inferences in favor of the plaintiff.  *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Filings by self-represented parties are "to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted).

**B.    Section 1332**

Mr. Atherton invokes diversity jurisdiction pursuant to 28 U.S.C. § 1332 as part of his claim that the Court has subject-matter jurisdiction.  Mr. Atherton also argues that the removal statute found at 28 U.S.C. § 1441 also gives this Court subject-matter jurisdiction  The Sheriff's Department argues that the Court lacks subject-matter

jurisdiction under the law governing diversity jurisdiction because all parties reside in the State of Vermont. (Doc. 24 at 3–4.)

Section 1332 requires that: (1) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"; and (2) the matter "is between citizens of different States." 28 U.S.C. § 1332 (a)(1). The statute has consistently been held to require "complete diversity of citizenship," meaning that "diversity jurisdiction does not exist unless each defendant is a citizen of a different state from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis omitted).

Here, the undisputed evidence shows that Deputy Ingalls and Deputy Bingham are citizens of the State of Vermont, as is the Sheriff's Department.[3] Sworn affidavits provided by Deputy Ingalls and Deputy Bingham declare that each resides in the State of Vermont. (Docs. 24-1, 24-2.)[4] The Court has discretion to consider materials outside the pleadings, including the affidavits and exhibits provided by the Sheriff's Department, for the purpose of determining whether subject-matter jurisdiction exists. *See Attica Cent. Sch.*, 386 F.3d at 110. Therefore, because the plaintiff in this matter, Mr. Atherton, is also a citizen of the State of Vermont, complete diversity of citizenship does not exist, and the Court lacks subject-matter jurisdiction pursuant to § 1332.

---

[3] For purposes of this analysis, the Sheriff's Department is deemed a "citizen" of the State of Vermont. *See Rogers v. Nassau Cnty. Sheriff's Dep't*. No. 06-CV-5793 (JS)(WDW), 2007 WL 1135604, at *1 (E.D.N.Y. Apr. 16, 2007); *Gray v. Internal Affairs Bureau*, 292 F. Supp. 2d 475, 477 n.1 (S.D.N.Y. 2003) (citing *Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973)).

[4] The Sheriff's Department also refers to a document from the Vermont Secretary of State's website purporting to show a current Vermont trade name for "Market Place Insurance Center" registered with the Vermont Secretary of State. (Doc. 24-3.)

Mr. Atherton argues that the Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1441(a) and (b)(2).[5] However, § 1441 addresses the removal of civil actions from state court to federal court and does not itself supply an original basis for subject-matter jurisdiction necessary to bring suit in federal court. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed by the defendant.").

It also appears Mr. Atherton may be requesting to have this Court "remove" or "transfer" this matter to state court in the event the federal court cannot assert subject-matter jurisdiction. (Doc. 19 at 2.) While a federal court retains authority to remand a state court case back to the state court after removal under 28 U.S.C. § 1447(c), this particular matter did not originate in state court, and therefore, it cannot be remanded to state court. *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 428 (2010) ("[F]ederal tribunals lack authority to remand to the state court system an action initiated in federal court."); *Schiffman v. Epstein*, No. 04 Civ. 2661(SCR)(LMS), 2009 WL 1787760, at *10 (S.D.N.Y. June 23, 2009) ("Plaintiff may take whatever appropriate steps are necessary to initiate this action [in state court]; this Court is without . . . authority to remand, remove, or transfer this case to a state tribunal given that it was commenced in federal court in the first instance.").

---

[5] Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants . . . ." 28 U.S.C. § 1441(a). Section 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

7

### C.     Section 1331 and Failure to State a Claim

In the alternative, the Sheriff's Department argues that the Court lacks federal-question jurisdiction pursuant to 28 U.S.C. § 1331.[6]  (Doc. 24 at 4–5.)  Federal-question jurisdiction may be invoked where a plaintiff's claim arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  A case arises under federal law within the meaning of the general federal-question statute only if the federal question appears from the facts of the plaintiff's well-pleaded complaint. *See Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908).

The Sheriff's Department contends that assuming *arguendo* the Amended Complaint is construed as a claim brought pursuant to 42 U.S.C. § 1983, the facts alleged in the Amended Complaint do not amount to a cognizable constitutional violation.  (*Id.*)  The Sheriff's Department's § 1331 argument is properly analyzed as a motion for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  *See Bell v. Hood*, 327 U.S. 678, 680 (1946) (where plaintiff asserts nonfrivolous federal claim, claims should be analyzed as motion to dismiss for failure to state a claim instead of motion to dismiss for lack of subject-matter jurisdiction).

However, Defendants' challenge to a § 1983 claim need not be reached, because Mr. Atherton has expressly disavowed reliance on that statute and makes it abundantly clear that this is a common-law negligence claim.  He stated in his April 4, 2014 "Answer to D[e]fendant[']s Opposition to Extend Time and for Discovery and Disclosures" that he

---

[6] Under 28 U.S.C. § 1331, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

does not rely upon § 1983.  (*See* Doc. 16 at 2 ("Also defendant keeps refer[r]ing to my complaint as a 42 U.S.C. subsection 1983.  I did not file any such case.").)  Likewise, the Amended Complaint, filed after the opposition pleading, makes no reference whatsoever to the United States Constitution or to any other federal law or statute aside from the two federal-jurisdiction provisions, 28 U.S.C. § 1331 and 28 U.S.C. § 1441.  Under the heading "Cause of Action," the Amended Complaint states that "Orleans County Sheriffs were [n]egligent" and recites certain elements of common-law negligence.  (Doc. 23 at 2.)  With respect to subject-matter jurisdiction, the Amended Complaint refers to diversity jurisdiction and the removal statute as the basis for this Court's jurisdiction and places no reliance on § 1331.  (Doc. 23 at 1.)

     Mr. Atherton has affirmatively rejected the opportunity to bring his claims pursuant to 42 U.S.C. § 1983, despite filing an Amended Complaint, and therefore, no federal question exists.  Because the citizenship of the parties prevents this Court from asserting diversity jurisdiction, the Amended Complaint must state a federal claim in order for Mr. Atherton to bring his claims in federal court.  *See Caterpillar*, 482 U.S. at 392 ("Absent diversity of citizenship, federal-question jurisdiction is required."); *see also* 28 U.S.C. § 1331.  He has not done so.  The Court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist."  *Molina v. State of New York*, 956 F. Supp. 257, 259 (E.D.N.Y. 1995).

     Even assuming *arguendo* that Mr. Atherton alleges § 1983 liability, the Amended Complaint does not state a claim on which such relief can be granted.  To prevail on a § 1983 claim, the plaintiff must establish a constitutional violation.  *See Thomas v.*

*Roach*, 165 F.3d 137, 142 (2d Cir. 1999) ("To prevail on a § 1983 claim, a plaintiff must establish that a person acting under color of state law deprived him of a federal right."); *see also* 42 U.S.C. § 1983.[7] However, "[p]roof of mere negligence will not give rise to a constitutional violation." *Hendricks v. Coughlin*, 942 F.2d 109, 113 (2d Cir. 1991) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)); *see also Rheaume v. Tallon*, No. 1:07-cv-262, 2009 WL 385422, at *1 (D. Vt. Feb. 12, 2009) (dismissing complaint where inmate alleged correctional officers negligently failed to escort him down stairs while handcuffed and shackled). Accordingly, I recommend that the Sheriff's Department's Motion to Dismiss (Doc. 24) and Deputy Ingalls and Deputy Bingham's Motion to Dismiss (Doc. 30) be GRANTED, and the case be DISMISSED WITHOUT PREJUDICE.

## II. Leave to Amend

The Second Circuit has held that district courts should not dismiss the claim of a self-represented party without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). However, leave to amend the complaint is not required where an amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be

---

[7] Section 1983 provides a civil claim for damages against "[e]very person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

futile. Such a futile request to replead should be denied."). I conclude that granting leave to amend would be futile in this case because neither the jurisdictional defect nor the absence of a federal claim can be remedied with better pleading.

### III. Mr. Atherton's Motion to Appoint Counsel

Mr. Atherton has moved for the appointment of counsel (Doc. 26). Because I recommend dismissal of this matter, I recommend that Mr. Atherton's Motion to Appoint Counsel be DENIED AS MOOT.

### Conclusion

For the foregoing reasons, I recommend that the Sheriff's Department's Motion to Dismiss the Amended Complaint (Doc. 24) and Deputy Ingalls and Deputy Bingham's Motion to Dismiss the Amended Complaint (Doc. 30) be GRANTED, and the case be DISMISSED WITHOUT PREJUDICE. I further recommend that Mr. Atherton's Motion to Appoint Counsel (Doc. 26) be DENIED AS MOOT.

Dated at Burlington, in the District of Vermont, this 18th day of September, 2014.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).